**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable William J. Martínez**

Civil Action No. 14-cv-01313-WJM

ANTHONY MARQUEZ,

    Applicant,

v.

RICK LINE, Warden, Arkansas Valley Corr. Fac., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

**ORDER TO DISMISS IN PART**

Applicant Anthony Marquez is a prisoner in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility in Ordway, Colorado.  Mr. Marquez has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) ("the Application") challenging the validity of his conviction and sentence in Denver District Court case number 05CR3500.  On June 20, 2014, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  On July 7, 2014, Respondents filed a Pre-Answer Response (ECF No. 11) arguing that each claim in the Application should be dismissed.  On July 23, 2014, Mr. Marquez filed "Applicant's Reply to Respondent[s'] Pre-Answer Response" (ECF No. 12).

The Court must construe the Application and other papers filed by Mr. Marquez

liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action in part.

## I. BACKGROUND

Mr. Marquez was convicted by a jury of theft, theft from an at-risk victim, possession of a controlled substance, and possession of a controlled substance with intent to distribute. According to the Colorado Court of Appeals, the evidence at trial established the following facts:

> Defendant defrauded a seventy-six year-old man (the victim) of approximately seventy thousand dollars by telling him, falsely, that he needed money for his ill mother. Over several months, the victim made numerous withdrawals from his bank account and provided the funds to defendant. At trial, the victim was unable to recall many of the withdrawals he had made, or to identify defendant. However, defendant's identity as the perpetrator was established by a bank employee who testified that she had called the police after defendant accompanied the victim to the bank, took possession of more than nine thousand dollars in cash which the victim had withdrawn from his account, and falsely stated that the victim was his father. In addition, a police officer testified that the victim had identified defendant as the person to whom he had given large sums of money.

> An investigator testified that he obtained a warrant for defendant's arrest and went to an apartment building with several police officers. As he approached, the investigator encountered defendant, who was wearing a pair of black pants with red stripes. Defendant ran inside and changed his pants, but he soon surrendered while attempting to flee. The investigator then searched the residence and found the red striped pants he had seen defendant wearing. The investigator searched the pants and found more than one hundred and ninety-five grams of crack cocaine, and nearly nine thousand dollars in cash. During a search of the house,

one of the officers found a digital scale.

*People v. Marquez*, No. 06CA1701, slip op. at 4-5 (Colo. App. Mar. 18, 2010) (unpublished) (ECF No. 11-9 at 6-7).  The judgment of conviction was affirmed on direct appeal, but the court of appeals determined that the two theft convictions must be merged and that the two controlled substance offenses also must be merged.  (*See* ECF No. 11-9 at 7-10.)  Thus, the court of appeals vacated the conviction for simple possession and remanded the matter with instructions to correct the mittimus to reflect a single conviction for "theft (from an at-risk adult)" and resentence Mr. Marquez for that offense.  (*See id.* at 10.)  On July 19, 2010, the Colorado Supreme Court denied Mr. Marquez's petition for writ of certiorari on direct appeal.  (*See* ECF No. 11-7.)  Pursuant to an amended mittimus issued in March 2011, Mr. Marquez was sentenced as an habitual offender to concurrent terms of forty-eight and sixty-four years in prison.

On April 27, 2011, Mr. Marquez filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure.  (*See* ECF No. 11-1 at 11.)  On June 16, 2011, the trial court denied the Rule 35(c) motion without a hearing and without appointing counsel.  (*See id.*)  The trial court's order denying the Rule 35(c) motion was affirmed on appeal.  See *People v. Marquez*, No. 11CA1569 (Colo. App. Apr. 11, 2013) (unpublished) (ECF No. 11-4).  On December 9, 2013, the Colorado Supreme Court denied Mr. Marquez's petition for writ of certiorari in the postconviction Rule 35(c) proceedings.  (*See* ECF No. 11-2.)

The Application was filed on May 9, 2014, and Mr. Marquez presents five claims for relief.  He asserts in claim 1 that the trial court erred in refusing to sever the theft charges from the drug charges in violation of his right to due process.  He contends in

claim 2 that the evidence was insufficient to support his convictions in violation of his right to due process. Mr. Marquez alleges in claim 3 that he was subjected to double jeopardy because two of the four offenses on which he was convicted are lesser included offenses of the other convictions. He contends in claim 4 that the Colorado Court of Appeals improperly refused to consider the severance claim on direct appeal in violation of his right to due process. Mr. Marquez finally asserts in claim 5 that the trial court improperly denied his postconviction Rule 35(c) motion using the wrong standard and without holding a hearing or appointing counsel.

The Court notes initially that claim 5 may not be raised in this habeas corpus action because there is no federal constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Thus, a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"). Mr. Marquez contends in claim 5 only that the trial court improperly denied his postconviction Rule 35(c) motion. Although he may have asserted ineffective assistance of counsel claims in the Rule 35(c) motion, Mr. Marquez does not assert in claim 5 in the Application any argument or claim that counsel was ineffective. Therefore, claim 5 will be dismissed for failure to present a cognizable federal constitutional issue.

Claim 3 also will be dismissed because Mr. Marquez concedes in his reply to the Pre-Answer Response that his double jeopardy claim is moot in light of his resentencing following direct appeal. (*See* ECF No. 12 at 5.)

## II. ONE-YEAR LIMITATION PERIOD

Respondents concede that this action is not barred by the one-year limitation period in 28 U.S.C. § 2244(d).

## III. EXHAUSTION OF STATE REMEDIES

Respondents argue that claims 1 and 4 are unexhausted and procedurally barred and that claim 2 is unexhausted.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal

5

quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).  A blanket statement that state remedies have been exhausted does not satisfy this burden.  *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating that a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

### A.  Claims 1 and 4

Claims 1 and 4 both relate to the severance issue.  Mr. Mendoza contends in claim 1 that the trial court erred in refusing to sever the theft charges from the drug charges in violation of his right to due process.  He contends in claim 4 that the Colorado Court of Appeals improperly refused to consider the severance claim on direct appeal in violation of his right to due process.

Respondents contend that Mr. Marquez failed to exhaust state remedies for claims 1 and 4 because, although he raised a claim regarding the severance issue on direct appeal, he did not raise the severance claim on direct appeal as a federal

constitutional claim. Respondents also argue that claims 1 and 4 are procedurally defaulted because the Colorado Court of Appeals declined to address the severance issue on direct appeal, finding that the argument "was not properly before [the court]." (ECF No. 11-9 at 3.) The state court determined that the trial court's denial of Mr. Marquez's pretrial motion to sever the counts was not properly preserved for appellate review because Mr. Marquez did not renew the motion at trial as required under Colorado law.

Mr. Marquez contends that claims 1 and 4 are exhausted because the severance issue was raised on direct appeal. He also contends that claims 1 and 4 should not be dismissed because he had to rely on court- appointed attorneys to represent him and any failure to properly raise the severance claim on direct appeal is not his fault.

The Court has reviewed Mr. Marquez's opening brief on direct appeal and finds that, unlike the other claims raised on direct appeal, the severance claim was not labeled or otherwise identified as a federal claim. (*See* ECF No. 11-10 at 13-18.) Mr. Marquez did make two brief references to a "fair trial" in the context of his severance claim in his opening brief. (*See* ECF No. 11-10 at 14.) However, the brief references to a "fair trial" are not sufficient to demonstrate he fairly presented the severance claim to the Colorado Court of Appeals as a federal constitutional claim. *See Gray v. Netherland*, 518 U.S. 152, 163 (1996) (stating that a general appeal to a broad constitutional guarantee such as due process does not satisfy the exhaustion requirement).

"If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are

7

asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66. Furthermore,

> [a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal."

*Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Mr. Marquez did not identify his severance claim on direct appeal as a federal claim. Therefore, the Court finds that Mr. Marquez fails to satisfy his burden of demonstrating claims 1 and 4 are exhausted.

## B. Claim 2

Mr. Marquez contends in claim 2 that the evidence was insufficient to support his convictions in violation of his right to due process. Mr. Marquez does not specify in the Application how the evidence was insufficient. Instead, he incorporates within claim 2 the insufficient evidence arguments he raised in his opening brief on direct appeal. (*See* ECF No. 1 at 7.) The Court will thus limit the insufficient evidence claim to the arguments Mr. Marquez raised on direct appeal. (*See* ECF No. 11-10 at 18-24.)

Respondents concede that Mr. Marquez fairly presented a federal constitutional claim premised on insufficient evidence to the Colorado Court of Appeals on direct appeal. However, Respondents argue that claim 2 in the Application is not exhausted because Mr. Marquez did not include the insufficient evidence claim in his petition for writ of certiorari to the Colorado Supreme Court on direct appeal.

Respondents are correct that, in order to exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available. *See*

*O'Sullivan*, 526 U.S. at 845.  However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id.* at 847-48.  Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies.  *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process.  More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.  Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1(a).  Pursuant to Colo. App. R. 51.1(a), the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals.  *See, e.g., Valenzuela v. Medina*, No. 10-cv-02681-BNB, 2011 WL 805787 (D. Colo. Feb. 28, 2011).  As noted above, Respondents concede that Mr. Marquez fairly presented claim 2 to the Colorado Court of Appeals and it is clear that the Colorado Court of Appeals denied relief.

The Court is not persuaded by Respondents' argument that a petition for writ of certiorari still is necessary to exhaust state remedies in Colorado.  Therefore, the Court finds that claim 2 is exhausted.

## IV.  PROCEDURAL DEFAULT

Respondents next contend that the unexhausted severance issue presented in claims 1 and 4 is procedurally defaulted because the Colorado Court of Appeals determined the claim had not been preserved for appellate review.  As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice."  *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).  "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision."  *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998).  A state procedural ground is adequate if it is "applied evenhandedly in the vast majority of cases."  *Id.*

Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns.  *See Coleman*, 501 U.S. at 730.  Mr. Marquez's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Marquez fails to demonstrate or even argue that the state procedural ground employed by the Colorado Court of Appeals to reject his severance claim is not independent and adequate.  Therefore, the Court agrees with Respondents that the severance issue raised in claims 1 and 4 is procedurally defaulted and cannot be considered unless Mr. Marquez demonstrates either cause and prejudice or a fundamental miscarriage of justice.

To demonstrate cause for his procedural default, Mr. Marquez must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). If Mr. Marquez can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750. A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

As noted above, Mr. Marquez contends that he can demonstrate cause for his procedural default because he had to rely on court-appointed counsel and should not be held responsible for counsel's failure to preserve the severance issue for appellate review. In certain instances, ineffective assistance of counsel can constitute cause to excuse a procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). However, Mr. Marquez cannot demonstrate cause for a procedural default premised on ineffective assistance of counsel unless the ineffective assistance of counsel claim first is raised as an independent constitutional claim in state court. *See id.* Mr. Marquez did not raise in his opening brief on appeal from the denial of his postconviction Rule 35(c) motion any claim that counsel was ineffective by failing to properly preserve the severance issue for appellate review. (*See* ECF No. 11-5.) As a result, Mr. Marquez cannot rely on counsel's alleged ineffectiveness to demonstrate cause for his

11

procedural default of the severance claim.

Mr. Marquez raises no other arguments that might demonstrate good cause for his procedural default or any resulting prejudice. He also fails to demonstrate or argue that a failure to consider the merits of the severance issue will result in a fundamental miscarriage of justice. Therefore, the severance issue raised in claims 1 and 4 is procedurally barred and must be dismissed.

## V.  CONCLUSION

In summary, claim 5 does not present a federal constitutional issue and Mr. Marquez concedes that claim 3 is moot. Respondents do not raise the one-year limitation period as an affirmative defense. The Court rejects Respondents' argument that claim 2 is unexhausted. However, claims 1 and 4 will be dismissed as unexhausted and procedurally barred. Accordingly, it is

ORDERED that claim 3 in the Application is DISMISSED as moot and claim 5 in the Application is DISMISSED for failure to present a federal constitutional issue. It is

FURTHER ORDERED that claims 1 and 4 in the Application are DISMISSED because the claims are unexhausted and procedurally barred. It is

FURTHER ORDERED that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the remaining claim. It is

FURTHER ORDERED that within thirty days of the filing of the answer Applicant may file a reply, if he desires.

Dated this 12th day of August, 2014.

BY THE COURT:

_____
William J. Martinez
United States District Judge