**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable William J. Martínez**

Civil Action No. 14-cv-01313-WJM

ANTHONY MARQUEZ,

      Applicant,

v.

RICK LINE, Warden, Arkansas Valley Corr. Fac., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

**ORDER DENYING APPLICATION FOR WRIT OF *HABEAS CORPUS***

---

This matter is before the Court on the Application for a Writ of *Habeas Corpus*
Pursuant to 28 U.S.C. § 2254 (ECF No. 1) ("the Application") filed by Applicant Anthony
Marquez.  Respondents have filed an Answer to § 2254 Application (ECF No. 18) ("the
Answer") and Mr. Marquez has filed a Traverse (ECF No. 22) ("the Traverse").  After
reviewing the record, including the Application, the Answer, the Traverse, and the state
court record, the Court FINDS and CONCLUDES that the Application should be denied
and the case dismissed with prejudice.

## I.  BACKGROUND

Mr. Marquez is challenging the validity of his conviction and sentence in Denver
District Court Case Number 05CR3500.  Mr. Marquez was convicted by a jury of theft,
theft from an at-risk victim, possession of a controlled substance, and possession of a
controlled substance with intent to distribute.  The judgment of conviction was affirmed
on direct appeal, although the Colorado Court of Appeals determined that the theft

convictions must be merged and that the controlled substance offenses also must be merged. *See People v. Marquez*, No. 06CA1701 (Colo. App. Mar. 18, 2010) (unpublished) (ECF No. 11-9). Thus, the Court of Appeals vacated the conviction for simple possession and remanded the matter with instructions to correct the mittimus to reflect a single conviction for "theft (from an at-risk adult)" and resentence Mr. Marquez for that offense. (*See id.* at 10.) On July 19, 2010, the Colorado Supreme Court denied Mr. Marquez's petition for writ of *certiorari* on direct appeal. (*See* ECF No. 11-7.) Pursuant to an amended *mittimus* issued in March 2011 Mr. Marquez was sentenced as an habitual offender to concurrent terms of forty-eight and sixty-four years in prison.

On April 27, 2011, Mr. Marquez filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. (*See* ECF No. 11-1 at 11.) On June 16, 2011, the trial court denied the Rule 35(c) motion without a hearing and without appointing counsel. (*See id.*) The trial court's order denying the Rule 35(c) motion was affirmed on appeal. *See People v. Marquez*, No. 11CA1569 (Colo. App. Apr. 11, 2013) (unpublished) (ECF No. 11-4). On December 9, 2013, the Colorado Supreme Court denied Mr. Marquez's petition for writ of *certiorari* in the postconviction Rule 35(c) proceedings. (*See* ECF No. 11-2.)

The Application was filed on May 9, 2014, and Mr. Marquez presents five claims for relief. He asserts in claim 1 that the trial court erred in refusing to sever the theft charges from the drug charges in violation of his right to due process. He contends in claim 2 that the evidence was insufficient to support his convictions in violation of his right to due process. Mr. Marquez maintains in claim 3 that he was subjected to double

2

jeopardy because two of the four offenses on which he was convicted are lesser included offenses of the other convictions.  He contends in claim 4 that the Colorado Court of Appeals improperly refused to consider the severance claim on direct appeal in violation of his right to due process.  Mr. Marquez finally asserts in claim 5 that the trial court improperly denied his postconviction Rule 35(c) motion using the wrong standard and without holding a hearing or appointing counsel.  The Court previously entered an Order to Dismiss in Part (ECF No. 17), dismissing claims 1, 3, 4, and 5.  Therefore, only claim 2 remains to be addressed on the merits.

## II.  STANDARDS OF REVIEW

The Court must construe the Application and other papers filed by Mr. Marquez liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

Title 28 U.S.C. § 2254(d) provides that a writ of *habeas corpus* may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Mr. Marquez bears the burden of proof under § 2254(d).  *See*

*Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam).

A claim may be adjudicated on the merits in state court even in the absence of a statement of reasons by the state court for rejecting the claim. *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011). In particular, "determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Id.* at 784. Thus, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 784-85. Even "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id.* at 784. In other words, the Court "owe[s] deference to the state court's *result*, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, the Court "must uphold the state court's summary decision unless [the Court's] independent review of the record and pertinent federal law persuades [the Court] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 1178. "[T]his 'independent review' should be distinguished from a full de novo review of the petitioner's claims." *Id.*

The Court reviews claims of legal error and mixed questions of law and fact pursuant to 28 U.S.C. § 2254(d)(1). *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir.

2003).  The threshold question the Court must answer under § 2254(d)(1) is whether

Mr. Marquez seeks to apply a rule of law that was clearly established by the Supreme

Court at the time his conviction became final.  *See Williams v. Taylor*, 529 U.S. 362,

390 (2000).  Clearly established federal law "refers to the holdings, as opposed to the

dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court

decision."  *Id*. at 412.  Furthermore,

> clearly established law consists of Supreme Court holdings
> in cases where the facts are at least closely-related or
> similar to the case *sub judice*.  Although the legal rule at
> issue need not have had its genesis in the closely-related or
> similar factual context, the Supreme Court must have
> expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008).  If there is no clearly established

federal law, that is the end of the Court's inquiry pursuant to § 2254(d)(1).  *See id*. at

1018.

   If a clearly established rule of federal law is implicated, the Court must determine

whether the state court's decision was contrary to or an unreasonable application of

that clearly established rule of federal law.  *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly
> established federal law if: (a) "the state court applies a rule
> that contradicts the governing law set forth in Supreme Court
> cases"; or (b) "the state court confronts a set of facts that are
> materially indistinguishable from a decision of the Supreme
> Court and nevertheless arrives at a result different from
> [that] precedent."  *Maynard* [*v. Boone*], 468 F.3d [665,] 669
> [(10th Cir. 2006)] (internal quotation marks and brackets
> omitted) (quoting *Williams*, 529 U.S. at 405).  "The word
> 'contrary' is commonly understood to mean 'diametrically
> different,' 'opposite in character or nature,' or 'mutually
> opposed.'"  *Williams*, 529 U.S. at 405 (citation omitted).

   A state court decision involves an unreasonable

> application of clearly established federal law when it
> identifies the correct governing legal rule from Supreme
> Court cases, but unreasonably applies it to the facts. *Id*. at
> 407-08.

*House*, 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an

objective inquiry. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not

issue the writ simply because that court concludes in its independent judgment that the

relevant state-court decision applied clearly established federal law erroneously or

incorrectly. Rather that application must also be unreasonable." *Id*. at 411. "[A]

decision is 'objectively unreasonable' when most reasonable jurists exercising their

independent judgment would conclude the state court misapplied Supreme Court law."

*Maynard*, 468 F.3d at 671. Furthermore,

> [E]valuating whether a rule application was unreasonable
> requires considering the rule's specificity. The more general
> the rule, the more leeway courts have in reaching outcomes
> in case-by-case determinations. [I]t is not an unreasonable
> application of clearly established Federal law for a state
> court to decline to apply a specific legal rule that has not
> been squarely established by [the Supreme] Court.

*Richter*, 131 S. Ct. at 786 (internal quotation marks and citation omitted). In conducting

this analysis, the Court "must determine what arguments or theories supported or . . .

could have supported[] the state court's decision" and then "ask whether it is possible

fairminded jurists could disagree that those arguments or theories are inconsistent with

the holding in a prior decision of [the Supreme] Court." *Id*. In addition, "review under §

2254(d)(1) is limited to the record that was before the state court that adjudicated the

claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

6

Under this standard, "only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Maynard*, 468 F.3d at 671; *see also Richter*, 131 S. Ct. at 786 (stating that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable").

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Richter*, 131 S. Ct. 786-87.

The Court reviews claims asserting factual errors pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002). Section 2254(d)(2) allows the Court to grant a writ of *habeas corpus* only if the relevant state court decision was based on an unreasonable determination of the facts in light of the evidence presented to the state court. Pursuant to § 2254(e)(1), the Court must presume that the state court's factual determinations are correct and Mr. Marquez bears the burden of rebutting the presumption by clear and convincing evidence. "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

Finally, the Court's analysis is not complete "[e]ven if the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law." *Bland v. Simmons*, 459 F.3d 999, 1009 (10th Cir. 2006). "Unless the error is a structural defect in the trial that defies harmless-error analysis, [the Court] must apply

the harmless error standard of *Brecht v. Abrahamson*, 507 U.S. 619 (1993) . . . ."  *Id.*;

*see also Fry v. Pliler*, 551 U.S. 112, 121-22 (2007) (providing that a federal court must

conduct harmless error analysis under *Brecht* anytime it finds constitutional error in a

state court proceeding regardless of whether the state court found error or conducted

harmless error review).   Under *Brecht*, a constitutional error does not warrant *habeas*

relief unless the Court concludes it "had substantial and injurious effect" on the jury's

verdict.  *Brecht*, 507 U.S. at 637.  "A 'substantial and injurious effect' exists when the

court finds itself in 'grave doubt' about the effect of the error on the jury's verdict."

*Bland*, 459 F.3d at 1009 (citing *O'Neal v. McAninch*, 513 U.S. 432, 435 (1995)).  "Grave

doubt" exists when "the matter is so evenly balanced that [the Court is] in virtual

equipoise as to the harmlessness of the error."  *O'Neal*, 513 U.S. at 435.  The Court

make this harmless error determination based upon a review of the entire state court

record.  *See Herrera v. Lemaster*, 225 F.3d 1176, 1179 (10th Cir. 2000).

If a claim was not adjudicated on the merits in state court, and if the claim also is

not procedurally barred, the Court must review the claim *de novo* and the deferential

standards of § 2254(d) do not apply.  *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th

Cir. 2004).

### III.  MERITS OF CLAIM 2

Mr. Marquez alleges in claim 2 that the evidence was insufficient to support his

convictions in violation of his right to due process.  The parties agree that the proper

standard for sufficiency of the evidence, which was clearly established when Mr.

Marquez was convicted, is set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979).  In

*Jackson* the Supreme Court held that "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.* "Under *Jackson*, federal courts must look to state law for 'the substantive elements of the criminal offense,' but the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law." *Coleman v. Johnson*, 132 S. Ct. 2060, 2064 (2012) (per curiam) (quoting *Jackson*, 443 U.S. at 324, n.16). To the extent an insufficient evidence claim involves an interpretation of state law, the state court's interpretation "binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam). "Sufficiency of the evidence is a mixed question of law and fact." *Maynard*, 468 F.3d at 673. The Court must apply both § 2254(d)(1) and (d)(2) and "ask whether the facts are correct and whether the law was properly applied to the facts." *Id.*

The Colorado Court of Appeals addressed the merits of Mr. Marquez's claim challenging the sufficiency of the evidence on direct appeal. The state court reasoned as follows in rejecting the claim:

> Defendant next argues that the evidence is insufficient to support the jury's verdicts. We disagree
>
> "[I]t is unlawful for any person knowingly to . . . possess, or to possess with intent to . . . distribute a controlled substance." § 18-18-405(1)(a), C.R.S. 2009. A defendant is subject to mandatory minimum sentencing if he or she possesses a schedule II controlled substance, such as cocaine, weighing "[a]t least twenty-five grams . . . but

less than four hundred fifty grams." § 18-18-405(2)(a)(I)(A), (3)(a)(I), C.R.S. 2009.

As applicable here, "[a] person commits theft when he knowingly obtains or exercises control over anything of value of another without authorization, or by . . . deception." § 18-4-401(1)(a), C.R.S. 2009. Under the penalty provision in effect during the relevant time period (2005), theft of property worth fifteen thousand dollars or more was classified as a class three felony. Ch. 384, secs. 3, 19, § 18-4-401(2)(d), 2007 Colo. Sess. Laws 1691, 1698 (increasing the triggering amount to twenty thousand dollars, effective July 1, 2007).

Theft from an at-risk adult is not a separate substantive offense. *People v. McKinney*, 99 P.3d 1038, 1043 (Colo. 2004) (theft from at-risk adult is penalty-enhanced form of general theft and not separate offense). Rather, section 18-6.5-103(5), C.R.S. 2009, specifies that if the victim of a theft of property worth five hundred dollars or more is an at-risk adult (defined in relevant part as a person sixty years of age [or] older, section 18-6.5-102(1), C.R.S. 2009), then the offense is elevated to a class three felony.

In assessing the sufficiency of the evidence supporting a guilty verdict, a reviewing court must determine whether any rational trier of fact might accept the evidence, taken as a whole and in the light most favorable to the prosecution, as sufficient to support a finding of guilt beyond a reasonable doubt. In applying this standard, we must give the prosecution the benefit of every reasonable inference that might fairly be drawn from the evidence. *Kogan v. People*, 756 P.2d 945, 950 (Colo. 1988), *abrogated on other grounds by Erickson v. People*, 951 P.2d 919, 923 (Colo. 1998).

Here, the evidence, when viewed according to the foregoing standards, establishes the following facts.

Defendant defrauded a seventy-six year-old man (the victim) of approximately seventy thousand dollars by telling him, falsely, that he needed money for his ill mother. Over several months, the victim made numerous withdrawals from his bank account and provided the funds to defendant. At trial, the victim was unable to recall many of the withdrawals

he had made, or to identify defendant.  However, defendant's identity as the perpetrator was established by a bank employee who testified that she had called the police after defendant accompanied the victim to the bank, took possession of more than nine thousand dollars in cash which the victim had withdrawn from his account, and falsely stated that the victim was his father.  In addition, a police officer testified that the victim had identified defendant as the person to whom he had given large sums of money.

An investigator testified that he obtained a warrant for defendant's arrest and went to an apartment building with several police officers.  As he approached, the investigator encountered defendant, who was wearing a pair of black pants with red stripes.  Defendant ran inside and changed his pants, but he soon surrendered while attempting to flee.  The investigator then searched the residence and found the red striped pants he had seen defendant wearing.  The investigator searched the pants and found more than one hundred and ninety-five grams of crack cocaine, and nearly nine thousand dollars in cash.  During a search of the house, one of the officers found a digital scale.

We conclude this evidence amply supports the jury's verdicts as to all elements of the offenses and the special sentencing provisions.

(ECF No. 11-9 at 4-7.)

Mr. Marquez does not contend that the decision of the Colorado Court of Appeals is contrary to *Jackson*.  In other words, he does not cite any contradictory governing law set forth in Supreme Court cases or any materially indistinguishable Supreme Court decision that would compel a different result in his case.  *See House*, 527 F.3d at 1018.

Mr. Marquez also fails to demonstrate the state court's ruling is an unreasonable application of *Jackson*.  Mr. Marquez contends with respect to the theft conviction that the evidence was insufficient because:  (1) no theft occurred; (2) the only evidence at

trial that he possessed the victim's money was the bank manager's testimony regarding an incident on June 9, 2005, in which $9,500.00 of the victim's money that had been withdrawn was returned to the victim the same day and redeposited into the victim's account after being possessed only briefly by Mr. Marquez; (3) the victim did not identify Mr. Marquez in court; (4) the victim's testimony was confused about whether he gave money to Mr. Marquez, for what purpose, and how much; and (5) there was no link between the money found when Mr. Marquez was arrested on June 15, 2005, and any money taken from the victim.

The state court acknowledged that the victim's testimony was confused and that he did not identify Mr. Marquez at trial.  However, the state court determined the evidence at trial established the victim made numerous withdrawals totaling approximately seventy thousand dollars over a period of several months, the victim gave the money to Mr. Marquez who stated falsely that he needed the money for his ill mother, and Mr. Marquez's identity as the recipient of the money was established by witnesses other than the victim.  The Court presumes these factual findings are correct and Mr. Marquez' vague and conclusory assertion that no theft occurred is not clear and convincing evidence that would overcome the presumption of correctness.  *See* 28 U.S.C. § 2254(e)(1).

In light of these facts, the state court's legal conclusion that the evidence was sufficient to support a conviction for theft under Colorado law was not an unreasonable application of *Jackson*.  Mr. Marquez's argument regarding the incident on June 9, 2005, does not alter this conclusion and demonstrate the state court unreasonably applied *Jackson*.  The bank manager testified that Mr. Marquez briefly possessed the

money the victim withdrew on June 9, 2005, lied about his relationship with the victim, and attempted to get the victim to leave the bank with the money before the police arrived.  Furthermore, the theft conviction was not premised solely on the money the victim withdrew on June 9, 2005.  Instead, the evidence supporting the theft conviction demonstrates the victim made numerous withdrawals totaling approximately seventy thousand dollars over a period of several months.  Finally, Mr. Marquez's argument that there was no evidentiary link between the money found when he was arrested on June 15, 2005, and any money taken from the victim is not relevant to the Court's analysis under *Jackson* because the prosecution was not required to establish such a link in order to prove Mr. Marquez was guilty of theft under Colorado law.

Mr. Marquez contends with respect to the controlled substance conviction that the evidence was insufficient because no evidence was presented at trial to establish the knowing element, the possession element, or the intent to distribute element.  The state court disagreed, based on the facts that Mr. Marquez ran back into an apartment when he was approached by police, quickly changed his pants, attempted to flee, and the pants he had been wearing were found to contain a substantial amount of crack cocaine and cash.  The Court presumes these factual findings are correct and Mr. Marquez fails to present clear and convincing evidence that would overcome that presumption.  *See* 28 U.S.C. § 2254(e)(1).  Instead, Mr. Marquez seeks to diminish the significance of these facts by insinuating that other individuals in the apartment when he was arrested also had access to the pants and that there was no evidence linking him to drug paraphernalia found in the apartment.  However, the state court properly viewed the evidence in the light most favorable to the prosecution, as it was required to

13

do under *Jackson*, and reasonably concluded that a rational juror could have found beyond a reasonable doubt that Mr. Marquez was a drug dealer and knowingly possessed the drugs found in the pants he took off after he was approached by the police.

Ultimately, Mr. Marquez fails to demonstrate that the jury's findings with respect to either the theft conviction or the controlled substance conviction "was so insupportable as to fall below the threshold of bare rationality" required under *Jackson*. *Coleman*, 132 S. Ct. at 2065.  As a result, the Court cannot conclude that the state court's determination "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 131 S. Ct. 786-87.  Thus, Mr. Marquez is not entitled to relief on claim 2.  Accordingly, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is denied and this case is dismissed with prejudice.  It is further

**ORDERED** that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

Dated this 12th day of December, 2014.

BY THE COURT:

_____

William J. Martínez
United States District Judge